FILED
 2014 Jan-13  AM 10:31
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JANICE CLARK,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action Number |
| | ) **2:12-cv-1025-AKK** |
| **INDY MAC MORTGAGE SERVICES, a division of OneWest Bank FSB,** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Janice Clark ("Plaintiff") filed this lawsuit, pursuant to Alabama Code § 6-10-3, seeking to invalidate foreclosure proceedings executed on a property that she claims was her homestead.  Doc. 1.  The mortgagee defendant Indy Mac Mortgage Services, OneWest Bank ("OneWest Bank") filed a motion for summary judgment that is fully briefed and ripe for review.  Docs. 15, 19, 20.  In light of Plaintiff's failure to establish that the property in question was her actual place of residence at the time of the execution of the mortgage, she is not entitled to the protections of § 6-10-3, and summary judgment is due to be granted.

## I.    SUMMARY JUDGMENT STANDARD OF REVIEW

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial." *Id.* at 324 (citation and internal quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 255 (all justifiable

inferences must be drawn in the non-moving party's favor). Any factual disputes will be resolved in the non-moving party's favor when sufficient competent evidence supports the non-moving party's version of the disputed facts. *See Pace v. Capobianco*, 283 F.3d 1275, 1276, 1278 (11th Cir. 2002) (a court is not required to resolve disputes in the non-moving party's favor when that party's version of events is supported by insufficient evidence). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)). Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251-52).

## II.　FACTUAL BACKGROUND

Alfred Clark, Jr. purchased and resided in a home on 14th Street in Alabaster, Alabama ("the Property"). Doc. 16-3 at 10. In 1994, after Plaintiff and Clark married, Plaintiff moved into the Property with Clark and stayed there until 1995 when she and Clark moved to Shelby, Alabama. *Id*. After Plaintiff and Clark moved, Clark leased the Property to a tenant from July 1997 through June 1998.

Doc. 16-2 at 19.  In March 1998, prior to the expiration of the lease, Clark refinanced the mortgage on the Property through Standard Mortgage Corporation of Georgia and Standard transferred the mortgage to OneWest Bank.  Docs. 16-2 at 2, 12, 24.  At the time Clark executed the mortgage, Plaintiff admitted that the Property was not her homestead:

> Q: On March 12, 1998, [the Property] was not your principal residence?
>
> A: At that time, it was not.
>
> Q: Okay.  In fact, you lived [in Shelby, Alabama] on March 12th, 1998?
>
> A: Correct.
>
> \* \* \* \*
>
> Q: Would you dispute that on March 12th, 1998, the [P]roperty was not your homestead?
>
> A: No, I wouldn't dispute it at that time.

Doc. 16-3 at 24, 28-29.

In August 2010, after a fifteen year absence, the Clarks moved back to the Property with their son Brandon Callohan.  Doc. 19-1 at 5.  Subsequently, Clark informed OneWest Bank that "it is our plan to have 100 14th St. SW [i.e. the Property] as our primary home through the SAVE OUR HOME PROGRAM.  The payments can be made with our income from [our] Social Security check."  Doc.

19-1 at 15. OneWest Bank denied Clark's application to its HopeNow program because it determined that the Property was investment property. Doc. 19-1 at 13. On December 3, 2010, Clark complained to OneWest Bank that the denial required him to "start all over and prove to your department that I indeed live at 100 14th Street. You all are now starting foreclosure on this home and I guess we will be put on the streets." *Id*. Later that month, Clark submitted a hardship affidavit to OneWest Bank that stated that the Clarks were "*moving from our primary home . . . because of foreclose* [sic]. *We chose to return to 100 14th Street as our primary home because of economic* [sic] . . . ." Doc. 19-1 at 17 (emphasis added).

Presumably, OneWest Bank again declined the Clark's hardship applications because, after the Clarks defaulted on the mortgage, OneWest Bank foreclosed on the Property and sold it at auction to the Federal National Mortgage Association ("Fannie Mae") on January 28, 2011. Doc. 16-2 at 25. Two weeks later, after Clark refused to vacate the property in response to Fannie Mae's demand for possession, Fannie Mae filed an ejectment action in the Circuit Court of Shelby County, Alabama against Plaintiff, Clark, and Callohan. Doc. 16-2 at 28-29. When the Clarks and Callohan failed to respond after being "duly served," the court entered a default judgment, awarding Fannie Mae "immediate possession" of

the Property.  Doc. 16-2 at 38-40, 42-43.[1]

A year later, Clark filed a declaratory judgment action in state court against OneWest Bank alleging that it illegally foreclosed the Property in violation of the Alabama Code § 6-10-3.  Doc. 1-1 at 5, 6.  OneWest Bank subsequently removed this action to this court and moved for summary judgment.  Docs. 1 and 15.

### III.   ANALYSIS

To receive protection under § 6-10-3, which states in relevant part that "[n]o mortgage . . . of the homestead by a married person shall be valid without the voluntary signature and assent of the husband or wife," Plaintiff must establish that the Property was her "*actual* place of residence." *James v. Thaggard*, 795 So. 2d 738, 742 (Ala. 2001), citing *Sims v. Cox*, 611 So. 2d 339, 340 (Ala. 1992) (emphasis added); *see Worthington v. Palughi*, 575 So. 2d 1092 (Ala. 1992); *Gowens v. Goss*, 561 So. 2d 519 (1990). The court's analysis focuses on the Property's homestead status at the time a mortgage is executed because § 6-10-3 is "intended to protect . . . [a] spouse from a conveyance of the homeplace without [ ] her consent." *James*, 795 So. 2d at 742, citing *Sims*, 611 So. 2d at 341.  The

---

[1] Although Plaintiff alleges in her response to the movant's undisputed facts that she "contends that service was not proper and was not properly served on the Plaintiff on or about March 5, 2011," doc. 19 at 2, that issue is not before this court because it was not raised in the complaint.

burden is on the affected spouse to prove that § 6-10-3 is applicable, *id.*, citing *Rhodes v. Schofield*, 82 So. 2d 236 (Ala. 1955), and "a temporary absence from the property will not be construed as an abandonment of the homestead exemption if the spouse . . . intends to return to the property," *James*, 795 So. 2d at 742 (citation omitted).

Based on the language of § 6-10-3, Plaintiff can invalidate the foreclosure only if she can establish that Clark executed a mortgage in March 1998 on Plaintiff's homestead without her consent. Plaintiff cannot make this showing because, as she correctly conceded, the Property was not her "actual place of residence" at the time Clark executed the mortgage. *James*, 795 So. 2d at 742; doc. 16-3 at 24, 28-29. Indeed, as Plaintiff admits, Plaintiff and Clark lived in Shelby, Alabama at the time, and Clark had leased the Property to a tenant. Docs. 16-2 at 19; 16-3 at 28-29. This lease agreement undermines any contention by Plaintiff that the Property was her residence. To the contrary, the agreement demonstrated that Plaintiff and Clark had no intention on establishing the Property as their residence when Clark executed the mortgage. In fact, Clark acknowledged as such when he admitted that he and Plaintiff were "moving from [their] primary home . . . because of [a] foreclos[ure] . . . [and] chose to return to [the Property] . . . because of economic [reasons] . . . ." Doc. 19-1 at 17. Unfortunately for Plaintiff, the

fourteen year hiatus (1995-2010) from living at the Property fails to qualify as a "temporary absence," and belies any contention that she did not abandon her homestead exemption at the time of the mortgage in March 1998, or that she intended to return to the Property. *See James*, 795 So. 2d at 742.

Ultimately, although it is clear that Plaintiff was in the process of establishing the Property as her homestead when the foreclosure proceedings commenced, this fact is insufficient to entitle Plaintiff to the protection of § 6-10-3. Rather, because Clark properly executed the mortgage eleven years earlier against a non-homestead, investment property, § 6-10-3 is inapplicable in this case. Therefore, in light of Plaintiff's failure to establish that the March 1998 mortgage encumbered Plaintiff's "actual" residence, the homestead protection rights in § 6-10-3 cannot serve to invalidate the foreclosure.[2]

## IV.   CONCLUSION

Based on the foregoing, by separate order, the court will grant OneWest Bank's motion for summary judgment.

---

[2] The court disagrees with OneWest Bank that it is due to prevail on *res judicata*. *Fed. Nat'l Mort. Assoc. v. Alfred Clark, Brandon Callohan, & Janice Clark*, CV-2011-900136, doc. 15 at 10. *Res judicata* does not apply because the court decided the ejectment action by default, rather than on the merits. *See Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006), citing *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985).

**DONE** this 13th day of January, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE